FILED
2016 Jul-21  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| WILLIE HILL, RUSSELL SMITH, PETER COLLINS, WILBUR CREAR, DEAN DAVIDSON, VERGE HENTON, JESSE BROWN, DAVID HOLMES, ROBERT HUDSON, SHIRLEY KENNARD, ROY MCLIN, SHIRLEY MEDLEY, MARILYNN MITCHELL, BILL MOORE, MARK PARKER, ROSALIND PETTIGREW, ERIC SHAW, TERRY CARTER, RONALD WALLACE, MICHAEL WATKINS, WINIFRED WELLS, SR., JERRY WAYNE WILLIAMS AND RONNIE WOODS )))))))))))))))))) | |
| **PLAINTIFFS,** ) | |
| **v.** ) | |
| ) | **CIVIL ACTION NO.** _____ |
| EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE OF MUELLER GROUP, LLC; APPEALS COMMITTEE OF THE EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE OF MUELLER GROUP, LLC; MUELLER GROUP, LLC PENSION PLAN FOR SELECTED EMPLOYEES; and MUELLER GROUP, LLC ))))))))))))) | |
| **DEFENDANTS.** ) | |

## COMPLAINT

**COME NOW** the Plaintiffs named herein and hereby bring this action for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*  In support of the relief requested herein, Plaintiffs allege the following upon personal knowledge as to themselves and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by and through their attorneys:

## INTRODUCTORY STATEMENT

Plaintiffs bring this action to obtain relief pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a), for the recovery of a "special early retirement benefit" available to them under Mueller Group LLC Pension Plan for Selected Employees (hereafter, the "Mueller Plan") provided through what had once been their employment with Mueller Group LLC's plant in Bessemer, Alabama; Mueller Group LLC operated this Bessemer plant through its wholly owned subsidiary United States Pipe and Foundry Company, LLC ("U.S. Pipe"). Plaintiffs further seek available remedies for violations of ERISA § 204(g), 29 U.S.C. § 1054(g), and/or ERISA § 510, 29 U.S.C. § 1140, based on the illegal actions taken by the Defendants as alleged herein.  Finally, Plaintiffs seek recovery of costs and attorneys' fees provided under ERISA § 502(g), 29 U.S.C. § 1132(g).

2

## PARTIES

1.      The Plaintiff, Willie Charles Hill, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as the Mueller Plan defines this term.

2.      The Plaintiff, Russell O. Smith, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

3.      The Plaintiff, Jesse Brown, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

4.      The Plaintiff, Terry Carter, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

5.      The Plaintiff, Peter Collins, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

6.      The Plaintiff, Wilbur Crear, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

7.     The Plaintiff, Dean Davidson, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

8.     The Plaintiff, David Holmes, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

9.     The Plaintiff, Shirley Medley, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

10.     The Plaintiff, Shirley Kennard, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

11.     The Plaintiff, Marilynn Mitchell, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

12.     The Plaintiff, Mark Parker, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

13.     The Plaintiff, Eric Shaw, is an Alabama resident and citizen who was at all

material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

14.    The Plaintiff, Ronald Wallace, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

15.    The Plaintiff, Michael Watkins, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

16.    The Plaintiff, Jerry Wayne Williams, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

17.    The Plaintiff, Ronnie Woods, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

18.    The Plaintiff, Verge Henton, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

19.    The Plaintiff, Robert Hudson, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined

by the Mueller Plan defines this term.

20.   The Plaintiff, Roy McLin, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

21.   The Plaintiff, Bill Moore, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

22.   The Plaintiff, Rosalind Pettigrew, is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

23.   The Plaintiff, Winifred Wells, Sr., is an Alabama resident and citizen who was at all material times a participant in the Mueller Plan and an "employee" as defined by the Mueller Plan defines this term.

24.   Defendant Employee Benefits Administrative Committee of Mueller Group, LLC is identified by the Plan as the "Administrator" charged with interpreting the Plan and determining eligibility for Plan benefits.

25.   Defendant Employee Benefits Administrative Committee of Mueller Group, LLC may be served with process at the following address:

Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

26.     Defendant Appeals Committee of the Employee Benefits Administrative Committee of Mueller Group, LLC likewise is identified by the Plan as an additional administrator charged with adjudicating appeals taken by Plan participants from adverse determinations and determining eligibility for Plan benefits.

27.     Defendant Appeals Committee of the Employee Benefits Administrative Committee of Mueller Group, LLC may be served with process at the following address according to Plan documents:

Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

28.     Defendant Mueller Group, LLC Pension Plan for Selected Employees ("the Plan") is a defined benefit plan governed by ERISA with its principal office located at 1200 Abernathy Rd., Suite 1200, Atlanta, GA 30328.

29.     Defendant Mueller Group, LLC Pension Plan for Selected Employees may be served with process at the following address according to Plan documents:

> Corporation Service Company
> 2711 Centerville Road
> Suite 400
> Wilmington, DE 19808

30.     Defendant Mueller Group, LLC is the Plan Sponsor.

31.     As Plan Sponsor, Mueller Group, LLC ("Mueller Group") is responsible for amendments to the Plan, including specifically the Third Amendment dated March 13, 2012.

32.     Defendant Mueller Group, LLC, as the Plan Sponsor, may be served with process at the following address according to Plan documents:

> Corporation Service Company
> 2711 Centerville Road
> Suite 400
> Wilmington, DE 19808

## JURISDICTION AND VENUE

33.     Jurisdiction is appropriate under 28 U.S.C. § 1331 in that 29 U.S.C. § 1132(e) confers jurisdiction upon the district courts of the United States where, as here, Plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974, as appended, 29 U.S.C. § 1001, et. seq. wherein the administrators for the plan at issue have breached their fiduciary responsibilities and have wrongfully refused to honor the Plaintiffs' plan benefits in violation of 29 U.S.C. § 1132(a).

## DEFENDANTS' LIABILITY

34. The Plan as amended and restated effective as of January 1, 2010, and whose terms and amendments are incorporated into this Complaint in its entirety, is a consolidation of a number of pensions covering employees of various facilities and entities owned and/or operated by Mueller Group.

35. The Plan is a single plan within the meaning of Treasury Regulation § 1.414(1)-1(b)(1).

36. Consistent with the consolidated nature of the Plan, Mueller Group and its wholly owned subsidiary U.S. Pipe were part of a "controlled group" under IRC § 414 to be treated as a single entity for purposes of ERISA coverage in discrimination testing for Plan benefits. In other words, all employees were due to be treated as members of the same affiliated group and as if they were employed by a *single* employer – here, Mueller Group.

37. The Plan is comprised of "parts", many of which are specific to certain facilities, including facilities operated through U.S. Pipe which Mueller Group previously purchased in its entirety before the Plan became consolidated.

38. In 2009, after Mueller Group took over U.S. Pipe, it merged the latter's "Pension Plan for Hourly Employees of United States Pipe and Foundry Company" into the Plan.

9

39.   This part of the Plan is found in what is called "Part M" of the Plan document.

40.   By virtue of Plaintiffs' employment having been with Mueller Group through U.S. Pipe, Plaintiffs' benefits are governed in relevant part by Part M.

41.   As of 2009, when Mueller Group took over U. S. Pipe, all employees at the facility where Plaintiffs worked received their welfare and pension or retirement benefits through Mueller Group.

42.   These pension benefits included the following "Special Early Retirement" benefit found in Section Four of Appendices 040-4 to Part M, which reads as follows in relevant part:

> "Special Early Retirement.  Pursuant to the provisions of the second paragraph of Section M-4.03 of the Plan, a Participant whose Termination Date occurs prior to his Normal Retirement Age because he is 1) laid off and not recalled within two years,  or 2) terminated by permanent plant shutdown, or 3) terminated by reason of sickness continuing for more than two years and 4) who is both attained the age of 53 years as of the applicable shutdown or layoff date and completed at least 18 years of service as of his termination date shall be eligible for a Special Early Retirement Pension…"

43.   On March 7, 2012, Mueller Group entered into a purchase agreement selling U. S. Pipe (together with its Bessemer plant) to USP Holdings, Inc., a company formed by Wynnchurch Capital and Comvest Group (collectively "Wynnchurch"), with such sale closing on April 1, 2012.

44.   On March 13, 2012, before the effective date of the sale, Mueller Group amended certain provisions in the Plan impacting both salaried and non-salaried employees affected by this pending sale.

45.   Paragraph 1 of this amendment, called "Third Amendment to the Mueller Group, LLC Pension Plan for Selected Employees," (hereinafter the "Third Amendment"), which provided for the withdrawal of U.S. Pipe from the Plan effective April 1, 2012, reads as follows:

> 1.   Section M-1.01 of Part M of the Plan is amended by adding the following at the end thereof effective as of the "Closing Date," as that term is defined in the Purchase Agreement, dated as of March 7, 2012 by and among USP Holdings Inc., Mueller Group, LLC, and Mueller Water Products, Inc. relating to the sale of the outstanding membership interests in United States Pipe and Foundry Company, LLC and Fast Fabricators, LLC:
>
> > Notwithstanding any other provision herein, United States Pipe and Foundry Company, LLC shall cease to be a participating employer in the Mueller Group, LLC Pension Plan for Selected Employees, effective as of the "Closing Date," as that term is defined in the Purchase Agreement dated as of March 7, 2012 by and among USP Holdings Inc., Mueller Group, LLC, and Mueller Water Products, Inc. relating to the sale of the outstanding membership interests in United States Pipe and Foundry Company, LLC and Fast Fabricators, LLC.  The rights and benefits under this Plan of each Employee shall be determined in accordance with the terms of this Plan in effect on the day immediately prior to such Closing Date, or if earlier, on the Employee's Severance Date.

46.   Paragraph 3 of this Amendment, which effectuated an employment termination for "each person who is a participant and an active Employee" as of the closing date pursuant to Plan provisions, reads:

3. Section M-2.24 of Part M of the Plan is amended by adding the following sentence at the end thereof, effective as of the Closing Date:

> Effective as of the Closing Date (as defined in Section M-1.01), each person who is a Participant and an active Employee on that date shall be deemed to terminate employment with the Employer and to have a "Severance Date" on that date.

47.    On April 1, 2012, the sale closed as scheduled and the terms of the Third Amendment took effect.

48.    As of April 1, 2012, pursuant to the recently-amended terms of the Plan, the Plaintiffs were no longer eligible to receive their welfare benefits through Mueller Group.

49.    As of April 1, 2012, the Plaintiffs were no longer eligible to continue earning service credits toward their pension benefits under the Plan through Mueller Group.

50.    As of April 1, 2012, the Plaintiffs were no longer eligible to continue participation in Mueller Group's Employee Stock Purchase Plan.

51.    As of April 1, 2012, the Plaintiffs were no longer considered employees of any controlled group or affiliated service group under I.R.C. § 414, nor were they considered employees of Mueller Group.

52.    Pension benefits were dramatically reduced for the Plaintiffs as a result of the cessation of their employment.

53.    As of April 1, 2012, according to Plan terms, including but not limited to the

Third Amendment, the Plaintiffs were also "deemed to terminate employment" with Mueller Group and to have a "Severance Date" that same day.

54.     Further to the point that the Plaintiffs had terminated their employment with Mueller Group as of the closing date for the sale, Wynnchurch (and its new wholly owned subsidiary U.S. Pipe), was not required to re-hire the Plaintiffs or other employees as a condition of the sale, nor was it required to honor the same terms and conditions of the Plaintiffs' employment with Mueller Group.

55.     Consistent with the Third Amendment, Mueller Group provided letters to Plaintiffs indicating that their employment was terminated as of April 1, 2012.

56.     Between June 22 and July 10, 2015, Plaintiffs, who were deemed to terminate employment with the Mueller Group as of April 1, 2012 under the Third Amendment, made a claim under the Plan for the "Special Early Retirement" benefit quoted in paragraph 36 above.

57.     All Plaintiffs attained the age of 53 years or more as of April 1, 2012 and all had more than 18 years of service credits in the Plan prior to making their claims.

58.     On September 2, 2015, the Employee Benefits Administrative Committee denied each claim.

59.     Despite the facts that Plaintiffs were deemed to have terminated their employment with Mueller Group and Plaintiffs met the other conditions for an

award of the Special Early Retirement Benefit, the Employee Benefits Administrative Committee stated that Plaintiffs were not eligible for the Special Early Retirement benefits.

60.    The Committee found that the Plaintiffs, although having had their employment terminated according to the Plan and having lost their participant status in all Mueller Group-sponsored benefit plans, did not suffer a termination because after the sale to Wynnchurch, U.S. Pipe reemployed the Plaintiffs.

61.    Plaintiffs appealed the Committee's decision on February 26, 2016, asserting among other things that the Committee interpretation contradicted the plain meaning of the Plan language and failed to consider the facts and circumstances surrounding the sale of U.S. Pipe, the material change in employment conditions experienced by the Plaintiffs, and I.R.C. § 414, which governed controlled groups of wholly owned entities.

62.    In a decision dated June 24, 2016, the Appeals Committee of the Employee Benefits Administrative Committee of Mueller Group, LLC informed Plaintiffs that their appeals were denied, reiterating the position of the Employee Benefits Administrative Committee that Plaintiffs did not experience a termination for purposes of the Special Early Retirement Benefit.    Specifically, the Appeals Committee said in its decision letter:

> The Appeals Committee denies the Appeals, because neither Claimant experienced either of the relevant pre-requisites for eligibility for the Special Early Retirement Benefit. The Claimants did not experience a layoff and that the U.S. Pipe plant was not permanently shut down and thus the Claimants are not eligible for Special Early Retirement benefits. This decision is the final decision under the Plan's administrative claims procedures.

63.    At the same time the Defendants denied benefits to the Plaintiffs asserting that their employment never terminated, the Plan administrator refused to pay the disability claims of individuals, whose employment with Mueller Group, like Plaintiffs' employment, was deemed to terminate as of the closing date, but who continued to work at the U.S. Pipe Plant after April 1, 2012, who applied for disability pension benefits under the Plan after April 1, 2012.   The Plan administrator stated that under the Plan an individual must remain employed with Mueller Group through the date of disability.

64.    Salaried persons, whose employment with Mueller Group were deemed to terminate under circumstances identical to Plaintiffs' circumstances, were awarded the Special Early Retirement Benefit in their pension plan.

65.    Thus, the Defendants' denial of the Special Early Retirement Benefits to Plaintiffs is inconsistent with Defendants' own interpretation of identical Plan language.

66.    This differentiation among different employees has resulted in discrimination against employees for the purpose of interfering with the attainment

of the right to the Special Early Retirement Benefit, in violation of ERISA § 510,

29 U.S.C. § 1140.

67.    In the alternative, Defendants' reinterpretation of Plan terms only with

respect to Plaintiffs not only contradicts the plain meaning of the terms of the Plan

document and its amendments, but it also constitutes a retroactive reduction in

benefits in violation of the anti-cutback provision of ERISA § 204(g), 29 U.S.C. §

1054(g).

68.    Prior to this reduction effectuated by the Defendants' reinterpretation of

long-standing Plan terms and adoption of recent amendments (to the extent they

contend the same support the absence of Special Early Retirement Benefits for the

Plaintiffs), Plaintiffs and other employees laid off from employment with Mueller

Group – including through the sale of the U.S. Pipe facility – were free to accept

employment with any other employer, including Wynnchurch, without forfeiting

such benefits.

69.    Defendants' amendment which changed the conditions for receiving the

Special Early Retirement Benefit is an illegal cutback under ERISA § 204(g).

70.    Defendants' interpretation of the Plan is not entitled to a deferential standard

of review because of Mueller's conflict of interest, whereby the company both

funds the Special Early Retirement Benefit and its employees -- who serve on the

two Committees identified above -- are responsible for benefits decisions made which impact the company's profitability.

71.     Furthermore, certain of the decisions made under the guise of administration were not "administrator" decisions at all, but rather decisions made by another entity (such as Mueller Group), and therefore were not made within the scope of the Plan's grant of discretion.

72.     This action is ripe for this Court's decision because all Plaintiffs exhausted their administrative remedies as to all matters for which exhaustion is required.

## COUNT I

### Action for Relief Pursuant to ERISA § 502(a)(1)(B)

73.     Plaintiffs adopt and incorporate the foregoing paragraphs into this Count as if fully alleged herein.

74.     The Plan is deemed an "employee pension plan" as defined in 29 U.S.C. § 1001, et. seq.

75.     Plaintiffs are "participants" and "beneficiaries" under the Plan.

76.     Each of Plaintiffs is deemed to [have terminated] employment" with Mueller Group within the plain meaning of the Third Amendment, due to Mueller Group's sale  of the Bessemer, Alabama U.S. Pipe facility, and Plaintiffs are entitled to the "Special Early Retirement Benefit"  because each Plaintiff's Termination Date

17

occurred prior to his or her Normal Retirement Date, he or she was laid off and not recalled within two years, and/or her or she attained the age of 53 years as of the applicable layoff date and completed at least 18 years of services as of his or her termination date.

77.     The Committee Defendants, as Plan Administrators, have denied the "Special Early Retirement Benefit" to each Plaintiff at all levels of mandatory appeal provided under Plan and Department of Labor regulations.

78.     The Defendants' denial of the "Special Early Retirement Benefit" claimed by the Plaintiffs was not and is not supported by substantial evidence or by any reasonable interpretation of the Plan.

79.     Defendants' decision making process did not comport with the full and fair review requirements of 29 U.S.C. § 1133 and the Department of Labor regulations thereunder in that, *inter alia*, the notice of the denial did not contain the specific reasons for such denial and was not written in a manner calculated to be understood by the participant.

80.     The administrative otherwise did not provide a reasonable opportunity to Plaintiffs for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

81.    Defendants' actions were unreasonable and/or arbitrary and capricious and in violation of the terms of the Plan.

82.    Defendants' claims process and claims decisions were tainted by its conflict of interest which motivated its claims personnel to deny Plaintiffs' claims.

83.    As a direct and proximate result of the Defendants' conduct in failing to provide benefits for Plaintiffs, and in failing to provide a full and fair review of the decision to deny benefits and/or terminate benefits, Plaintiffs are entitled to all available reliefs pursuant to ERISA § 502(a)(a)(1)(B), which entitles Plaintiff to recover benefits due them under the terms of the Plain, or to clarify their rights to future benefits under the terms of the Plan.

## COUNT II

### Action for Violation of ERISA § 510

84.    Plaintiffs adopt and incorporate the foregoing paragraphs into this Count as if fully alleged herein.

85.    As set forth in the foregoing fact allegations, Plaintiffs were vested participants in the Plan and are therefore entitled to the Special Early Retirement Benefit after the transaction closing between Mueller Group and Wynnchurch.

86.    This transaction resulted in the Plaintiffs' "termination" from Mueller Group through its wholly owned subsidiary U.S. Pipe according to the Third Amendment.

87.    Despite the plain language of the Third Amendment, under which Plaintiffs are deemed to have terminated their employment with Mueller Group and meet all the conditions for entitlement to the Special Early Retirement Benefit, Defendants – including specifically Defendant Mueller Group which was responsible for inclusion of this Amendment – reclassified Plaintiffs differently from salaried employees for the purpose of interfering with the Plaintiffs' attainment of such benefit.

88.    This differentiation among different employees has resulted in discrimination against employees for the purpose of interfering with the attainment of the right to the Special Early Retirement Benefit, in violation of ERISA § 510, 29 U.S.C. § 1140.

89.    Defendants were motivated to interfere with Plaintiffs' benefit so as to reduce their liability to fund the Plan and to reduce transaction costs with Wynnchurch.

90.    Defendants' knowledge of the effects of their decision is demonstrated by their unequal treatment of salaried employees whose "terminations" *were* considered layoffs for Mueller Plan purposes of entitlement to an identical Special Early Retirement Benefit in the Mueller Group plan for salaried employees.

91.    Defendants' knowledge is further demonstrated by their contradictory

treatment of claims for welfare benefits under the Plan, who were deemed to have terminated their employment with Mueller Group as of the closing date, such that they are no longer eligible to receive such benefits.

92.    Defendants have no legitimate non-discriminatory reasons for their targeted treatment of the Plaintiffs.

93.    Pursuant to ERISA § 502(a)(3) which provides the enforcement provision for violations of ERISA § 510, Plaintiffs seek to enjoin Defendants' violations of ERISA § 510 and the terms of the Plan and to obtain other appropriate equitable relief to redress Defendants' violations of ERISA § 510 and the terms of the Plan.

## COUNT III

### Action for Violation of ERISA § 204(g)

94.    Plaintiffs adopt and incorporate the foregoing paragraphs into this Count as if fully alleged herein.

95.    ERISA § 204(g)'s "anti-cutback rule" ERISA prohibits the decrease of an accrued benefit by an amendment of the Plan.

96.    In alternative to the foregoing count alleged pursuant to ERISA § 510, Plaintiffs satisfied all the conditions for the Special Early Retirement Benefit as of the date of the sale of the U.S. Pipe facility to Wynnchurch and had accrued that benefit.

97.     Defendants reduced the Special Early Retirement Benefit with respect to Plaintiffs by reinterpreting the Plan to determine that they had not suffered a termination for purposes the Special Early Retirement Benefit despite the fact that they were "deemed to terminate employment" with Mueller Group within the meaning of the Third Amendment.

98.     Prior to the reduction effectuated by the Defendants' reinterpretation of long-standing Plan terms and adoption of recent amendments, Defendants interpreted the terms of the Plan in a manner that salaried employees were entitled to a Special Early Retirement Benefit.

99.     Defendants' reinterpretation and/or amendment is an amendment decreasing an accrued benefit in violation of ERISA § 204(g).

100.    Defendants also took the position during the administrative review that the "termination" found in the Plan amendments which applied to the Plaintiffs was not from their employment, but from the Plan itself, thus divesting the Plaintiffs of their rights to accrued Plan benefits.

101.    Because this amendment was effectuated by Mueller Group according to its terms, Mueller Group is likewise responsible for this § 204(g) violation.

102.    Pursuant to § 502(a)(3) which provides the enforcement provision for violations of ERISA § 204(g), Plaintiffs seek to enjoin Defendants' violations of

ERISA § 204(g) and to obtain other appropriate equitable relief to redress Defendants' violations of ERISA § 204(g).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, as Participants in the Mueller Group LLC Pension Plan for Selected Employees, respectfully request this Court find jurisdiction and venue appropriate and grant the following relief:

a.    An order that Defendants pay Plaintiffs' Special Early Retirement Benefit under the Plan, both as to amounts past-due (plus interest) and as to amounts owed in the future and a clarification of Plaintiffs' right to future benefits;

b.    A declaration that Plaintiffs are entitled to receive the Special Early Retirement Benefit, both as to amounts past-due (plus interest) and as to amounts owed in the future;

c.    A declaration that Defendants' actions set forth herein are and were in violation of ERISA § 510;

d.    A declaration that Defendants actions set forth herein are and were in violation of ERISA § 204(g);

e.  An order awarding the Plaintiffs surcharge remedies to return them to the positions in which they should have been but for the Defendants' actions set forth herein;

f.  An injunction ordering the Defendants to award to Plaintiffs the Special Early Retirement Benefit and disgorgement of any unjust enrichment and/or surcharge of benefits wrongfully withheld.

g.  An order establishing a constructive trust over the Special Early Retirement Benefits properly due and an order of restitution made from that trust to the Plaintiffs;

h.  An order or declaration of rights that the Defendants' amendment of the terms of the Plan in the manner set forth above is illegal and void pursuant to ERISA § 204(g), and therefore without effect and unenforceable

i.  An order awarding the Plaintiffs prejudgment interest, costs and expenses, including the reasonable attorneys' fee as permitted under ERISA § 502(g); and

j.  Award such other relief as may be deemed just and proper.

Respectfully Submitted,

David P. Martin
(ASB-3500-M68D)
david@erisacase.com

M. Clayborn Williams
(ASB 9101-A43M)
clay@erisacase.com

**The Martin Law Group, LLC**
**Attorneys for Plaintiff**
P.O. Box 20087
Tuscaloosa, AL 35402
Phone (205) 343-1771
Facsimile (205) 343-1781

Of Counsel:

Tybe A. Brett
tbrett@fdpklaw.com
**FEINSTEIN DOYLE PAYNE**
**& KRAVEC, LLC**
Allegheny Building, Suite 1705
429 Forbes Avenue
Pittsburgh, PA 15219
(412) 281-8400 (Tel)
(412) 281-1007 (Fax)

(*Pro Hac Vice* Motion to be filed)

Attorneys for Plaintiffs

Defendant's Addresses:

Employee Benefits Administrative
Committee of Mueller Group, LLC
Plan Administrator
c/o Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

Appeals Committee of the Employee Benefits
Administrative Committee of Mueller Group, LLC
c/o Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

Mueller Group, LLC Pension Plan
for Selected Employees
1200 Abernathy Road
Suite 1200
Atlanta, GA 30328

Mueller Group, LLC Pension Plan
for Selected Employees
c/o Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

Mueller Group, LLC,
c/o Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808